CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 5 2005

JOHN F. CORCORAN, CLERK
BY: _____
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LEE M. WEBB,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:05-cv-00380** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ROANOKE COUNTY/SALEM JAIL** | ) | |
| **FACILITY, et al.,** | ) | **By: Hon. James C. Turk** |
| **Defendant(s).** | ) | **Senior United States District Judge** |

Plaintiff Lee M. Webb, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, plaintiff alleges that officials at the Roanoke County/Salem Jail facility have denied him the use of the jail's grievance procedures and are denying him ice and hot water, while inmates in other sections of the jail receive these items. He seeks $50,000 in compensation for discrimination. Upon review of the complaint, the court finds that Webb's allegations fail to state any claim upon which he is entitled to relief. Therefore, the court will dismiss the action without prejudice, pursuant to §1915A(b)(1). Under this provision, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

Webb alleges the following sequence of events on which he bases his claims. He has attempted to pursue the steps in the jail's grievance procedures, but one officer on five different occasions refused to provide him with appropriate grievance forms. Webb complained to officers about the fact that inmates in his minimum security unit were not receiving ice and hot water, while inmates in other sections of the jail did receive these privileges. The officer refused to provide these items to Webb's unit. When Webb asked again, the officer told him that the other minimum security

1

unit would no longer receive ice or hot water.

First, Webb has no actionable claim about officers' alleged refusal to comply with the jail's grievance procedures. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, a prison official's failure to comply with the state's grievance procedure is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Second, Webb's allegations do not give rise to any constitutional claim for cruel or unusual punishment. To state such a claim, plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993). Webb has not, and cannot, show that deprivation of ice and/or hot water has caused, or will cause, him any serious physical injury. Thus, he has no claim here for unconstitutional living conditions.

Webb's primary complaint seems to be unfairness—that some inmates got privileges unavailable to him. To prove a claim of unequal treatment, a prisoner "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). Different treatment of similarly situated, inmate groups passes constitutional muster if it serves a legitimate state penological interest to which the challenged classification is

2

rationally related. <u>Moss v. Clark</u>, 886 F.2d 686, 690 (4th Cir. 1989). Even though Webb may be in many ways similar to the inmates who were receiving ice and hot water, he was not housed in the same physical location. Therefore, Webb's situation was not wholly similar to the other inmates' situation. He also fails to show that the different treatment resulted from any discriminatory intent whatsoever. Thus, Webb has no actionable claim regarding the "unequal treatment" of inmates in his unit before he complained. Moreover, after Webb complained, the officers began denying the ice and hot water privileges to all inmates in the same security classification, thereby mooting Webb's unfair treatment claim altogether.

In conclusion, the court is of the opinion that Webb's allegations fail to state any constitutional claim. Therefore, he fails to state any claim under §1983 on which he could be entitled to relief, and the court will dismiss the entire action, pursuant to §1915A(b)(1) accordingly. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 5ᵗʰ day of July, 2005.

James C. Turk
Senior United States District Judge

3